JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Janet Batchelor, individually and on behalf of her son, Ryan Batchelor, a minor

### DEFENDANTS
Rose Tree Media School District, et al.

(b) County of Residence of First Listed Plaintiff **Delaware**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Delaware**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Frank Schwartz, Esquire, LAMM RUBENSTONE LLC, 3600 Horizon Blvd., Suite 150, Trevose, PA 19053 - 215-638-9330

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | 26 USC 7609 | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☒ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Section 504 of the Rehabilitation Act, 29 U.S.C. Section 794(a) ADA, 42 U.S.C. 12101 ADA, 20 U.S.C.
Brief description of cause:
Failing to implement the terms of Agreement and IEP and Retaliation against Plaintiffs

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE
10/27/2011

SIGNATURE OF ATTORNEY OF RECORD
Frank Schwartz, Esquire -

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| Janet Batchelor, on behalf of her son, Ryan Batchelor, a minor | : : : v. : : | CIVIL ACTION |
| Rose Tree Media School District, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)        ( X )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ( )

| 10/27/2011 | Frank Schwartz, Esquire | Plaintiffs |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-638-9330 | 215-638-2867 | fschwartz@lammrubenstone.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __2 Springton Lake Road, Media, PA 19063__

Address of Defendant: __308 North Olive Street, Media, PA 19063__

Place of Accident, Incident or Transaction: __308 North Olive Street, Media, PA 19063__
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?     Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

**A.** *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations

7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

**B.** *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: __10/27/2011__     __Frank Schwartz, Esquire__     __#52729__
                                    Attorney-at-Law                Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __10/27/2011__     __Frank Schwartz, Esquire__     __#52729__
                                    Attorney-at-Law                Attorney I.D.#

CIV. 609 (6/08)

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVAIA**

| | | |
|---|---|---|
| JANET BATCHELOR, individually and on behalf of her son, RYAN BATCHELOR, a minor 2 Springton Lake Road Media, PA 19063 | : | CIVIL ACTION |
| | : | |
| | : | |
|                                          Plaintiffs | : | NO. |
| | : | |
|                     v. | : | |
| | : | |
| ROSE TREE MEDIA SCHOOL DISTRICT 308 North Olive Street Media, PA 19063 | : | |
| | : | |
| | : | JURY TRIAL DEMANDED |
|                  and | : | |
| THE BOARD OF SCHOOL DIRECTORS OF THE ROSE TREE MEDIA SCHOOL DISTRICT 308 North Olive Street Media, PA 19063 | : | |
| | : | |
| | : | |
| | : | |
|                  and | : | |
| | : | |
| LINDA BLUEBELLO, Director of Pupil Services of Rose Tree Media School District | : | |
| | : | |
| | : | |
|                  and | : | |
| ERIC BUCCI, Assistant Principal of Penncrest High School | : | |
| | : | |
| | : | |
|                  and | : | |
| NORMAN HARRISON, Assistant Principal of Penncrest High School | : | |
| | : | |
| | : | |
| | : | |
|                  and | : | |
| RICHARD GREGG, Principal of Penncrest High School | : | |
| | : | |
| | : | |

428604-1

|             |   |
|-------------|---|
| and         | : |
| KAREN WALKER | : |
|             | : |
| and         | : |
| PATRICIA BARTA | : |
|             | : |
| Defendants  | : |

---

## COMPLAINT

Plaintiffs, Janet Batchelor ("Ms. Batchelor"), individually and on behalf of her son, Ryan Batchelor ("Ryan"), a minor, by and through their undersigned counsel, Lamm Rubenstone LLC, by way of Complaint against Defendants, Rose Tree Media School District, The Board of School Directors of Rose Tree Media School District, Linda Bluebello, Director of Pupil Services for the Rose Tree Media School District, Richard Gregg, Principal of Penncrest High School, Eric Bucci, Assistant Principal of Penncrest High School, Ralph Harrison, Assistant Principal of Penncrest High School, Patricia Barta, Director of Special Education,, and Karen Walker, Special Education Teacher (collectively the "Defendants") aver as follows:

## NATURE OF THE ACTION

Ryan is a person with learning disabilities who was a student at Penncrest High School ("Penncrest"). While Ryan was a freshman at Penncrest, and in order to ensure that Ryan would receive a free and appropriate public education, the Rose Tree Media School District ("District") entered into a binding educational plan ("504 Plan") with Ryan and Ms. Batchelor whereby Ryan would receive needed educational assistance. However, when the District failed to implement the requirements of Ryan's

428604-1

504 Plan despite repeated requests to do so, Ms. Batchelor was forced to sue the District for its failure to implement Ryan's 504 Plan.  In September, 2010, the dispute between Ms. Batchelor, on behalf of Ryan, and the District was settled via a written Settlement Agreement whereby Ryan was to receive certain compensatory education services.  Ever since the signing of the Settlement Agreement, Defendants, acting under color of state law, individually and in concert, have systematically retaliated against Ryan and Ms. Batchelor for asserting their rights to a free and appropriate public education by failing to implement the terms of the Settlement Agreement and a subsequent Individualized Education Program ("IEP"). The retaliation by teachers and administrators at Penncrest became so intense and so detrimental to Ryan's health and educational achievement that Ryan was forced to withdraw from Penncrest at the beginning of this, his senior year. Ryan is currently enrolled at the Twenty First Century Cyber Charter School ("Twenty First CCC").  Despite being a student at Twenty First CCC, the retaliation against Ryan by Defendants continues as Defendants have, in violation of the District's own policies as well as state and federal law, deprived Ryan of the ability to participate in extra curricular activities at Penncrest and have continued to refuse to provide Ryan with the compensatory education services provided in the Settlement Agreement.  This action arises from Defendants' intentional, harmful and outrageous conduct in failing to implement the terms of the Settlement Agreement and IEP, and in retaliating against Ryan and Ms. Batchelor.

## THE PARTIES

1.      Plaintiff, Ms. Batchelor, is an adult individual with a residence address of 2 Springton Lake Road, Media, PA 19063. At all times material hereto Ms. Batchelor was and is the mother of Ryan.

2.      Plaintiff, Ryan, is a minor whose primary residence is with his mother at 2 Springton Lake Road, Media, PA 19063.

3.      At all times material hereto, Ryan was and is an individual with documented learning disabilities, and as such, is entitled to the statutory protections of Section 504 of the Rehabilitation Act, as amended, 29 U.S.C. §794(a)  ("Section 504"), the American's with Disabilities Act, 42 U.S.C. §§12101, *et seq.,* ("ADA") and the Individuals with Disabilities Education Act, 20 U.S.C. §§1400, *et seq.*, ("IDEA").

4.      Defendant, Rose Tree Media School District ("District"), is a municipal corporation body politic within the Commonwealth of Pennsylvania with a principal place of business at 308 North Olive Street, Media, PA 19063. At all times material hereto, the District was and is subject to the provisions of Section 504, the ADA and the IDEA.

5.      Defendant, The Board of School Directors of Rose Tree Media School District ("Board"), is comprised of a nine (9) member Board elected locally to act as a corporate body in fulfilling the school district's and the Commonwealth of Pennsylvania's obligation to provide a free and adequate public education to all students. The Board can be contacted through its President, Linda Kinsler-Fox, its President, at 308 North Olive Street, Media, PA 19063.

6..     Defendant, Linda Bluebello, EDD, ("Dr. Bluebello") is, upon information and belief, an adult individual with a residence address of 80 Indian Spring Road, Media, PA. At all times material hereto, Dr. Bluebello was the Director of Pupil Services of Rose Tree Media School District.

7.      Defendant, Eric Bucci ("Mr. Bucci"), is, upon information and belief, an adult individual with a residence address of 1538 Freemont Drive, West Chester, PA. At all times material hereto, Mr. Bucci was an Assistant Principal at Penncrest High School.

8.      Defendant, Norman Harrison ("Mr. Harrison"), is, upon information and belief, an adult individual with a residence located in West Chester, PA. At all times material hereto, Mr. Harrison was an Assistant :Principal at Penncrest High School.

9.      Defendant, Richard Gregg ("Mr. Gregg"), is, upon information and belief, an adult individual with a residence address of 7814 Westview Avenue, Upper Darby, PA. At all times material hereto, Mr. Gregg was the Principal of Penncrest High School.

10.     Defendant, Karen Walker ("Ms. Walker"), is, upon information and belief, an adult individual with a residence address of 127 Yates Avenue, Woodlyn, PA . At all times material hereto, Ms. Walker was a Special Education teacher employed by the District.

11.     Defendant, Dr. Patricia Barta ("Dr. Barta), is, upon information and belief, an adult individual with a residence address of 90 Park Place, Media, PA. At all times material hereto, Dr. Barta was the Supervisor of Special Education for the District.

428604-1

## JURISDICTION AND VENUE

12.    This action is brought under the statutory protections of Section 504, the ADA, the IDEA and Pennsylvania common law.  This Court has original jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. §1291, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

13.    Venue is appropriate with this Court pursuant to 28 U.S.C. § 1391 (b), insofar as all Defendants are subject to personal jurisdiction in this District and because the circumstances giving rise to Plaintiffs' Complaint occurred within this District.

## STATUTORY AND REGULATORY SCHEME

14.    The IDEA requires that eligible students with disabilities receive a free, appropriate public education ("FAPE") via the development of educational plans developed and implemented pursuant to extensive procedural safeguards, the purpose of which is "to insure that the rights of children with disabilities and parents of such children are protected."  20 U.S.C. §1400(d)(1)(B).

15.    The cornerstone of the IDEA is the Individualized Education Program ("IEP") which is a written document including, *inter alia*, the student's level of educational performance, annual educational goals, and specifically designed instruction ("SDI") to achieve those goals.  20 U.S.C. §1414(d)(2)(A); 20 U.S.C. §§1414(d)(1)(A), 1414(d)(4)(A).  See also 34 C.F.R. §§300.340-300.350.

16.    The IDEA establishes an extensive mechanism for parental involvement in the development, implementation and modification of an IEP.  20 U.S.C. §§1414(d)(1)(B); 1415(b)(1); 34 C.F.R. §§300.44, 300.54(a).

17.     Section 504 protects eligible persons with handicaps from discrimination or the denial of services by programs receiving federal funds.   29 U.S.C. §794(a). Pursuant to Section 504 disabled public school students are entitled to receive educational support designed to meet the educational needs of the particular handicapped student.  34 C.F.R. §104.33(a)(b) and (c).

18.     Section 504 expressly prohibits intimidation or retaliation against any individual for the purpose of interfering with any right or privilege protected by Section 504 or because the individual made a complaint regarding an alleged violation of Section 504.  34 C.F.R.  §104.61; 34 C.F.R. §107(e).  This includes retaliation against a parent for having assisted his or her child in obtaining rights protected by Section 504.  *Id.*

19.     The ADA also prohibits discrimination and retaliation by public or private entities or persons acting in their individual capacity with respect to eligible persons with disabilities.   42 U.S.C. §12132; 42 U.S.C. §12182; 28 C.F.R. §35.134; 28 C.F.R. §36.206.

## FACTS COMMON TO ALL COUNTS

20.     On or about December, 2009, Ryan was for the first time diagnosed with a disability within the meaning of Section 504, the IDEA and the ADA.

21.     On or about January, 2009, midway through Ryan's freshman year at Penncrest, the District developed a written 504 Plan for Ryan whereby he was to receive certain learning support.

22.     Pursuant to the 504 Plan Ryan was placed into an achievement center for added support and received additional counseling and tutoring.  With the assistance of his

then guidance counselor, Mrs. Graham, this additional support continued throughout the remainder of Ryan's freshman year.

23.    At the start of his sophomore year at Penncrest Ryan was assigned a new guidance counselor, David Harpel ("Mr. Harpel").   Mr. Harpel did not schedule Ryan for the achievement center, nor did Mr. Harpel give any of Ryan's teachers a copy of Ryan's 504 Plan.   Accordingly, and unbeknownst to Ms. Batchelor, Ryan was receiving no support services and his teachers were unaware of his special educational needs.

24.    On or about October, 2009, having received no support services as required by the 504 Plan, Ryan's grades quickly dropped.   Several teachers contacted Ms. Batchelor regarding Ryan's failing grades, and Ms. Batchelor contacted Mr. Harpel to discuss the situation.

25.    Ms. Batchelor learned from Mr. Harpel that Ryan had not been assigned to the achievement center and was therefore not receiving any additional support needed to succeed.   Despite Mr. Harpel's promise to promptly schedule Ryan for the achievement center, it took several weeks for Ryan to be assigned to his new achievement center teacher, Mrs. Garvin.

26.    Just before the December 2009 holiday break, at the end of the second marking period, Ms. Batchelor received a call from Ms. Garvin who said that Ryan was failing several classes primarily due to missing assignments.   According to District policy, Ms. Batchelor should have received from Ms. Garvin timely failure notices, none of which were ever received.

27.    On or about early March, 2010, just prior to the end of the third marking period, Ms. Batchelor received another call from Ms. Garvin advising that Ryan was

failing.  When Ms. Batchelor asked Ms. Garvin why she was being informed so late of

Ryan's failures, and why she did not receive any timely failure notices as required, Ms.

Garvin stated that she had been very busy with other students.

     28.    As a consequence of her discussions with Ms. Garvin and Ryan, who

stated that Ms. Garvin "ignores him in the achievement center," Ms. Batchelor set up an

appointment to speak with Mr. Harrison, Ryan's Assistant Principal, on March 15, 2010.

It was Ms. Batchelor's intent to inform Mr. Harrison that Ms. Garvin was not providing

sufficient support services to Ryan as required by the 504 Plan.

     29.    At the March 15 meeting Ms. Batchelor attempted to explain her position

to Mr. Harrison.  However, Mr. Harrison constantly interrupted her and stated that both

she and Ryan were lying.  Mr. Harrison then began asking very personal questions and

challenging Ms. Batchelor's ability to be an effective parent.  Not wishing to be subjected

to his unexpected intimidation and humiliation, Ms. Batchelor advised Mr. Harrison that

the meeting was over and that she would be contacting an attorney.

     30.    Shortly after leaving the meeting with Mr. Harrison, Ms. Batchelor went

to the guidance office and requested a copy of Ryan's records, which request was denied.

     31.    On the morning of March 16, 2010, Ms. Batchelor and Ryan met with and

retained an attorney, David Thalheimer ("Mr. Thalheimer") to represent them.  At 1:00

p.m. Ms. Batchelor brought Ryan to school with a written late note.

     32.    During the afternoon of March 16, 2010, Ms. Batchelor received a

telephone call from Dr. Bluebello, asking that she not involve an attorney and stating that

she and the District would be happy to provide Ryan with the support services he needed

and deserved.   During this conversation Ms. Batchelor informed Dr. Bluebello of Mr. Harrison's outrageous conduct on March 15th.

33.     In an apparent act of retaliation by Mr. Harrison for Ms. Batchelor's complaining to Dr. Bluebello about his outrageous conduct on March 15th, on March 18, 2010, Ryan received a detention slip from Mr. Harrison for being late to school on March 15th.

34.     Ms. Batchelor called Mr. Harrison and asked why Ryan received a detention for being late on March 15th, when she had written a note.   Mr. Harrison stated that it was school policy that a lateness is excused for an attorney meeting only if the note comes from the attorney because "parents tend to lie."

35.     After this conversation with Mr. Harrison, Ms. Batchelor telephoned Dr. Bluebello to report Mr. Harrison's retaliatory conduct.

36.     On April 16, 2010, there was a meeting between Ms. Batchelor, her attorney, Mr. Thalheimer, and representatives of the District, including Dr. Bluebello, Dr. Barta, Mr. Harrison and Mr. Harpel.   The topic of discussion was the failure of the District to implement Ryan's 504 Plan.

37.     As a result of this meeting, Ryan was removed from Ms. Garvin's achievement center, assigned to Ms. Walker's resource room, provided tutoring and was to undergo additional testing and evaluation in an effort to better identify the nature of Ryan's learning disability.

38.     On May 25, 2010, following further testing and evaluation, which evidenced an additional math disability, an IEP meeting was held and an IEP developed which would, if adhered to, address all of Ryan's learning disabilities.

39.     With respect to Ms. Batchelor's claims that the District had failed to implement Ryan's 504 Plan, the District offered a settlement whereby, in exchange for Ms. Batchelor's waiving all claims under, *inter alia*, the IDEA, Section 504 and the ADA, the District would provide certain compensatory education services, more particularly set forth in a written settlement agreement.

40.     The written settlement agreement was finalized, signed by the Board and became effective on September 24, 2010 ("Settlement Agreement").

41.     In late September, and pursuant to the Settlement Agreement, Ryan began math tutoring with Ms. Groy, a math teacher who Ryan liked and worked well with.

42.     After only two sessions of math tutoring with Ms. Groy, and without consulting Ms. Batchelor, the District changed Ryan's math tutor to Mr. Enterline, a tutor from outside the District.

43.      Mr. Enterline was often sarcastic, impatient and mean to Ryan, such that Ryan was made to feel badly about himself.  The switching of Ryan's math tutor from Ms. Groy to Mr. Enterline was an apparent act of retaliation against Ryan for his mother's successfully challenging the District's failure to implement Ryan's 504 Plan.

44.     Unbeknownst to Ms. Batchelor, Ryan had not been receiving the services called for in his IEP since the beginning of the school year in September.  Ryan was hesitant to tell his mother of this fact, since every time his mother would act as an advocate on behalf of Ryan, things got worse for him at school.

45.     Because Ryan was not receiving the support services called for in his IEP, his grades suffered during the first and second marking periods of his junior year, the most crucial year for college admissions.

46.     In December, 2010, Ryan wrote an essay, the subject of which included teacher bullying of students.  Ryan's writing teacher sent the essay to Mr. Gregg.

47.     Mr. Gregg called Ryan into his office and demanded that Ryan identify the teacher referred to in Ryan's essay.  Ryan identified Mr. Doyle, noting that he was not one of Ryan's teachers.

48.     Approximately one month later, in an apparent act of retaliation, Mr. Gregg assigned Ryan to Mr. Doyle, the teacher that Ryan identified as being a bully.

49.     Despite being assigned to Ms. Walker's academic enrichment class pursuant to his IEP, Ryan was never actually in this class, and accordingly received little or no special education services.

50.     In early January, 2011, Ms. Batchelor received notice that Ryan was failing and also learned for the first time that Ryan had not been receiving many of the support services required by his IEP since the beginning of the school year.

51.     Ms. Batchelor immediately requested an IEP meeting, which was scheduled for January 25, 2011.

52.     In early January, 2011, Ms. Batchelor told Mr. Harpel and Ms. Walker that Ryan's school appointed tutor, Mr. Enterline, was ineffective and that she would like to hire private tutors as provided for in the Settlement Agreement.  With respect to the hiring of a private tutor, Ms. Walker referred Ms. Batchelor to Dr. Barta.

53.     When contacted by Ms. Batchelor, Dr. Barta stated that Ms. Batchelor could not hire private tutors and disclaimed any knowledge of the Settlement Agreement. Dr. Barta then referred Ms. Batchelor to Dr. Bluebello.

54.     In early January, 2011, Ms. Batchelor spoke with Dr. Bluebello about hiring private tutors pursuant to the Settlement Agreement because the current tutor was unacceptable.  Ms. Batchelor requested an accounting of the compensatory fund that was supposed to have been created pursuant to  the Settlement Agreement to pay for private tutoring.  Dr. Bluebello stated that all tutoring services would be handled by her and that she would get back to Ms. Batchelor.  She never did.

55.     On January 25, 2011, the IEP meeting was held in response to Ms. Batchelor's repeated complaints that Ryan was not receiving the support services required by his IEP and Settlement Agreement.  During this meeting, Ms. Batchelor cited many examples of how Ryan's IEP was not being implemented.   However, Dr. Bluebello, Dr. Barta, Mr. Harrison, Mr. Matson, Mr. Harpel and Ms. Walker all denied any failure on the part of the District to implement Ryan's IEP, instead placing the entire blame for Ryan's failure upon Ryan and Ms. Batchelor.

56     On January 26, 2011, at the suggestion of Mr. Gregg, Mr. Harpel assigned Ryan to Mr. Doyle's class.  Both Ryan and Ms. Batchelor pleaded for a different teacher, but to no avail.

57.     The very first day that Ryan attended Mr. Doyle's class, and in an apparent act of retaliation, Ryan was publicly disciplined and humiliated for violation of a class rule that all students must bring their books to every class.  As Ryan had never before attended Mr. Doyle's class, he was unaware of any such class rule.

58.     From January, 2011, through mid-April, 2011, Dr. Bluebello refused to reimburse Ms. Batchelor for the costs of private tutoring paid for by Ms. Batchelor as called for in the Settlement Agreement.

59.     During this time, Ms. Batchelor repeatedly advised the Board that the special education services required by Ryan's IEP and Settlement Agreement were not being provided.   However, the Board deferred to Dr. Bluebello and Dr. Kerr to remedy this situation.

60.     Because Ms. Batchelor could not afford to provide Ryan with needed private tutoring without the reimbursement called for in the Settlement Agreement, on April 19, 2011, Ms. Batchelor filed a Breach of Contract Action against the District for failure to abide by the reimbursement provisions of the Settlement Agreement.

61.     Shortly thereafter, on May 6, 2011, Ms. Batchelor received a small reimbursement check from the District.

62.     In a further act of retaliation, the District sought to delay the payment of reimbursements to Ms. Batchelor by seeking two continuances to Ms. Batchelor's simple contract action. As a result a hearing was not scheduled until July 27, 2011

63.     At the hearing on July 27, 2011 counsel for the District was not prepared and the Judge was compelled to continue the hearing until August 10, 2011, thereby further delaying the Districts reimbursement of Ryan's compensatory private tutoring services.

64.     At the conclusion of the hearing on August 10, 2011 Judge Nicholas S. Lippincott ordered the District to pay Ms. Batchelor the sum of $562.10 as reimbursement for private tutoring services.

65.     While the District has paid in full the amount of the judgment, in an apparent act of continuing retaliation the District has failed and continues to fail to timely

reimburse Ms. Batchelor for subsequent private tutoring services as required by the Settlement Agreement.

66.     Due to the District's failure to implement the terms of the Settlement Agreement and IEP, which has had severe detrimental effects upon Ryan's educational achievement and health, and because of the continuing acts of bullying and retaliation suffered by Ryan and Ms. Batchelor, Ryan withdrew from Penncrest for this, his senior year, and is currently enrolled in Twenty First CCC.

67.     Pursuant to both federal law and District policy, Ryan, as a resident of the District and a student at Twenty First CCC, has the right to participate in Penncrest's extra curricular activities.   However, since September, 2011, and in a course of continuing retaliation against Ryan, Ryan has been denied the opportunity to participate in the after school activity of both the choir and the dance team.

## COUNT I:  BREACH OF SETTLEMENT AGREEMENT

### (Plaintiff v. District and Board)

68.     Plaintiffs hereby incorporate by reference each and every allegation set forth above as if fully set forth at length herein.

69.     The Settlement Agreement constitutes a legally binding agreement between the District and Plaintiffs.

70.     The District and the Board breached the terms of the Settlement Agreement by, *inter alia*:

>         (a)     Failing to establish a fund for the compensatory educational services provided therein;

428604-1

(b)     Failure to assign a competent School District tutor who got along well with Ryan;

(c)     Failing to timely replace Mr. Enterline with a more acceptable tutor when it became clear Mr. Enterline was not acceptable;

(d)     Failure to timely render an accounting of the balance of the compensatory education fund;

(e)     Their past and continuing failure to timely reimburse Ms. Batchlor for private tutors as required.

71.     As a direct result of the District and the Board's breaches of the Settlement Agreement, Ryan has suffered and continues to suffer great harm to his level of educational achievement and personal well being.

72.     As a direct result the District and Board's breach of the Settlement Agreement, Ms. Batchelor has suffered and continues to suffer financial loss and great emotional upset.

WHERFORE, Plaintiffs, Janet Batchelor and Ryan Batchelor, seek a judgment in their favor and against Defendants, The Rose Tree Media School District and the Board of School Directors of Rose Tree Media School District for compensatory damages, incidental damages, consequential damages and such other further relief as this Court deems appropriate.


## COUNT II:  BREACH OF IEP

### (Plaintiffs v. The District and the Board)

73.     Plaintiffs hereby incorporate by reference each and every allegation set forth above as if fully set forth at length herein.

428604-1

74.     Ryan's IEP constitutes a legally binding agreement between Plaintiffs and the District.

75.     The District and the Board have breached the terms of Ryan's IEP by, *inter alia*:

> (a)     Failure to monitor the organization of Ryan's binder, work folders, assignment book and work in progress on a daily basis;
>
> (b)     Failure to provide assistance and training on a daily basis regarding organizational skills and managing time effectively;
>
> (c)     Failure to monitor work completion by case manager/resource room teacher on a daily basis;
>
> (d)     Failure to assist with long term assignment planning;
>
> (e)     Failure to teach and monitor test taking strategies and study skill strategies;
>
> (f)     Failure to timely communicate with Ms. Batchelor regarding Ryan's educational achievement or lack thereof;
>
> (g)     Failure to teach Ryan attention and focus strategies; and
>
> (h)     Failure to review concepts missed in class due to emotional needs or inattentiveness.

76.     As a direct result of the District and the Board's breach of the IEP, Ryan has suffered and continues to suffer great harm to his level of educational achievement and personal well being.

77.     As a direct result of the District and Board's of the IEP, Ms. Batchelor has suffered and continues to suffer great emotional upset.

WHEREFORE, Plaintiffs, Janet Batchelor and Ryan Batchelor, hereby seek judgment in their favor and against Defendants, The Rose Tree Media School District and The Board of School Directors of Rose Tree Media School District for compensatory damages, incidental damages, consequential damages and such other further relief as this Court deems appropriate.

## COUNT III : RETALIATION IN VIOLATION OF SECTION 504
### (Plaintiffs v. The District and the Board)

78.    Plaintiffs hereby incorporate by reference each and every allegation set forth above as if fully set forth at length herein.

79.    At all times material hereto, Ryan was and is a qualified person with a disability pursuant to Section 504.

80.    At all times material hereto, the District and the Board were, and are, subject to Section 504.

81.    Pursuant to 34 C.F.R. §100.7(e), it is unlawful for any person subject to Section 504 to intimidate, threaten, coerce or otherwise retaliate against a covered individual and/or their parents for complaining about a failure to implement a 504 Plan.

82.    Both Ryan and Ms. Batchelor participated in a protected activity under Section 504 when they complained about the failure of the District and the Board to implement and adhere to the terms of Ryan's Settlement Agreement and IEP.

83.    At all times material hereto, both the District and the Board knew of Ms. Batchelor's advocacy on behalf of her son inasmuch as they either participated in or were made aware of said advocacy.

84.     Both the District and the Board retaliated against Ryan and Ms. Batchelor for their advocacy with respect to Ryan's legally protected rights pursuant to Section 504 by, *inter alia*:

(a)     Replacing Ms. Groy, a tutor with whom Ryan worked well and was making progress, with Mr. Enterline;

(b)     Refusing, and continuing to refuse, to timely reimburse highly qualified private tutors for Ryan;

(c)     Refusing to implement the terms of Ryan's IEP so that Ryan would struggle in school;

(d)     By bullying, intimidating, belittling and humiliating Ms. Batchelor when she would meet with District and Board representatives to advocate on behalf of Ryan;

(e)     Assigning Ryan to Mr. Doyle's class; and

(f)     Refusing, and continuing to refuse, to permit Ryan to participate in extracurricular activities at Penncrest.

85.     There exists a causal connection between the advocacy of Ryan and Ms. Batchelor and the acts of retaliation by the District and the Board insofar as prior to the Settlement Agreement, the District and Board were not hostile to Ms. Batchelor or Ryan .

86.     As long as Ms. Batchelor meekly accepted the position of the District and the Board with respect to Ryan's legally protected rights under the 504 Plan, all was well. However, when Ms. Batchelor began to question the District and the Board and to assert Ryan's legally protected rights, the District and Board began a course of retaliatory conduct against both Ryan and Ms. Batchelor.

87.     As a direct result of the intentional retaliation by the District and the Board as set forth above, Ryan has suffered great harm to his educational achievement and his mental and emotional well being, and Ms. Batchelor has suffered financial loss and great harm to her mental and emotional well being.

WHEREFORE, Plaintiffs, Janet Batchelor and Ryan Batchelor, request a judgment in their favor and against Defendants, Rose Tree Media School District and the Board of School Directors of the Rose Tree Media School District for compensatory damages, statutory damages, reasonable attorney's fees and costs, and such other further relief as this court deems just and appropriate.

### COUNT IV – RETALIATION IN VIOLATION OF THE ADA
### (Plaintiffs v. The District and the Board)

88.     Plaintiffs hereby incorporate by reference each and every allegation set forth above as if fully set forth at length herein.

89.     At all times material hereto, Ryan was a qualified person with a disability pursuant to the ADA.

90.     At all times material hereto, the District and the Board were subject to the ADA.

91.     Pursuant to 42 U.S.C. §12203(a) of the ADA, it is unlawful for any person or entity subject to the ADA to retaliate against any qualified individual and/or their parents for complaining about a failure to implement a 504 Plan or IEP.

92.     Both Ryan and Ms. Batchelor participated in a protected activity under Section 12203(a) of the ADA when they complained about the failure of the District and

Board to implement and adhere to the terms of the Settlement Agreement and otherwise advocated for Ryan's rights under the IEP.

93.    At all times material hereto, both the District and the Board knew of Ms. Batchelor's advocacy on the part of her son inasmuch as they either participated in or were made aware of said advocacy.

94.    As set forth above, both the District and the Board retaliated against Ryan and Ms. Batchelor for their advocacy regarding Ryan's legally protected rights under the ADA.

95.    There exists a causal connection between the advocacy of Ryan and Ms. Batchelor and the acts of retaliation by the District and the Board set forth above insofar as prior to the Settlement Agreement, the District complied with its obligations pursuant to Ryan's 504 Plan, but immediately after the Settlement Agreement, the District and Board embarked upon the course of retaliatory conduct set forth above.

96.    As a direct result of the intentional retaliation by the District and the Board as set forth above, Ryan has suffered great harm to his educational achievement level and his mental and emotional well being, and Ms. Batchelor has suffered financial loss and great harm to her mental and emotional well being.

WHEREFORE, Plaintiffs, Janet Batchelor and Ryan Batchelor, request a judgment in their favor and against Defendants, Rose Tree Media School District and the Board of School Directors of the Rose Tree Media School District for compensatory damages, statutory damages, reasonable attorney's fees and costs, and such other further relief as this court deems just and appropriate.

## COUNT V: VIOLATION OF 42 U.S.C. §1983
### (Plaintiffs v. all Defendants)

97.    Plaintiffs hereby incorporate by reference each and every allegation set forth above as if fully set forth at length herein.

98.    Section 1983 of the Civil Rights Act of 1964, as amended, states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof, the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress…."

99.    Defendants are "persons" within the meaning of §1983, and as such, are individually liable for any violations of Section 504, the ADA and/or the IDEA committed by them while acting under color of state law.

100.    As set forth above, and acting under color of state law, Defendants have violated the rights of Ryan and Ms. Batchelor as protected by the Settlement Agreement, ADA and IDEA.

101.    The conduct of the individual Defendants, acting outside the scope of their employment in intentionally violating the legally protected rights of Ryan and Ms. Batchelor was willful, extreme and outrageous such that Plaintiffs are entitled to an award of punitive damages against the individual Defendants only.

WHEREFORE, Plaintiffs, Janet Batchelor and Ryan Batchelor, request a judgment in their favor and against Defendants, Rose Tree Media School District, the Board of School Directors of Rose Tree Media School District, Linda Bluebello, Eric Bucci, Ralph Harrison, Richard Gregg, Karen Walker and Particia Barta, jointly and

severally, for compensatory damages, punitive damages against individual defendants only, statutory damages, reasonable attorney's fees and costs, and such other further relief as this Court deems just and appropriate.

## COUNT VI : COMMON LAW CIVIL CONSPIRACY
### (Plaintiffs v. individual defendants)

102.    Plaintiffs hereby incorporate by reference each and every allegation set forth above as if fully set forth at length herein.

103.    Pursuant to Pennsylvania common law, it is unlawful for two or more persons to agree to act in concert to commit an unlawful act.

104.    Upon information and belief, the individual defendants acted in concert, and outside the scope of their employment with the District, to unlawfully retaliate against Ryan and Ms. Batchelor as more particularly set forth above.

105.    The retaliatory acts of the individual defendants were outside the scope of their employment insofar as the District has a policy against such retaliatory conduct.

106.    The retaliatory conduct of the individual defendants set forth above was willful, malicious and conducted with an actual malice toward Ryan and Ms. Batchelor.

107.    As a direct result of the individual defendants' civil conspiracy in furtherance of their concerted retaliatory conduct toward Ryan, Ryan has suffered severe emotional and educational harm.

108.    As a direct result of the individual defendants' civil conspiracy in furtherance of their concerted retaliatory conduct toward Ms. Batchelor, Ms. Batchelor has suffered financial loss and severe emotional harm.

WHEREFORE, Plaintiffs, Janet Batchelor and Ryan Batchelor, seek a judgment in their favor and against Defendants, Linda Bluebello, Eric Bucci, Ralph Harrison, Richard Gregg, Karen Walker and Patricia Barta, individually and jointly and severally, for compensatory damages, punitive damages, and such other further relief as this Court deems just and appropriate.

## COUNT VII : NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Plaintiffs v. all Defendants)

109.    Plaintiffs hereby incorporate by reference each and every allegation set forth above as if fully set forth at length herein.

110.    At all times material hereto, Defendants owed to Plaintiffs a duty to adhere to the statutory requirements of Section 504, the ADA and IDEA so that Ryan could obtain a FAPE and to refrain from retaliatory conduct.

111.    The failure of the Defendants to implement the Settlement Agreement and IEP, together with the retaliatory conduct set forth above, constitutes a breach of the duty owed by Defendants to Plaintiffs.

112.    At all times material hereto, it was foreseeable that a failure by Defendants to implement the terms of the Settlement Agreement and IEP and/or to retaliate against Plaintiffs would result in harm to Plaintiffs, including, but not limited to, emotional harm to both Ryan and to Ms. Batchelor.

113.    The conduct of Defendants in failing to implement the Settlement Agreement and IEP and the retaliatory conduct as set forth above has resulted in severe emotional distress to Ryan, which has manifested itself in severe anxiety, depression, insomnia, headaches, loss of weight and suicidal ideation.

114.    The conduct of Defendants in failing to implement the Settlement Agreement and IEP and the retaliatory conduct set forth above has resulted in severe emotional distress to Ms. Batchelor, which has manifested itself in severe anxiety, stress, insomnia, and humiliation.

WHEREFORE, Plaintiffs, Janet Batchelor and Ryan Batchelor, request a judgment in their favor and against Defendants, Rose Tree Media School District, the Board of School Directors of the Rose Tree Media School District, Linda Bluebello, Eric Bucci, Ralph Harrison, Richard Gregg, Karen Walker and Patricia Barta, individually, jointly and severally, for compensatory damages and punitive damages against the individual defendants only, together with such other further relief as this Court deems just and appropriate.

Respectfully submitted,

LAMM RUBENSTONE LLC

By:     _____
        Frank Schwartz, Esquire
        Attorney I.D. No.: 52729
        3600 Horizon Blvd., Ste. 200
        Trevose, PA  19053
        (215) 638-9330

        Attorneys for Plaintiff

Date: _10/27/11_____

428604-1

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | |
|---|---|
| Janet Batchelor, individually and on behalf of her son, Ryan Batchelor, a minor<br>_____<br>*Plaintiff*<br>v.<br>Rose Tree Media School District, et al.<br>_____<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Rose Tree Media School District, 308 North Olive Street, Media, PA 19063

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Frank Schwartz, Esquire, LAMM RUBENSTONE LLC, 3600 Horizon Blvd., Suite 150, Trevose, PA 19053

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*Michael E. Kunz*
*Clerk of Court*

Date:   _____10/27/2011_____          _____/s/_____
                                                                *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                                *Server's signature*

                                                  _____
                                                                *Printed name and title*

                                                  _____
                                                                *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | |
|---|---|
| Janet Batchelor, individually and on behalf of her son, Ryan Batchelor, a minor <br><br> _Plaintiff_ <br><br> v. <br><br> Rose Tree Media School District, et al. <br><br> _Defendant_ | ) ) ) ) ) ) )  Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_   The Board of School Directors of the Rose Tree Media School District, 308 North
Olive Street, Media, PA 19063

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you
are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ.
P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of
the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney,
whose name and address are:   Frank Schwartz, Esquire, LAMM RUBENSTONE LLC, 3600 Horizon Blvd., Suite
150, Trevose, PA 19053

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.
You also must file your answer or motion with the court.

_Michael E. Kunz_
_Clerk of Court_

Date:      10/27/2011                                    /s/
                                                  _Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏  I returned the summons unexecuted because _____ ; or

❏  Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .

I declare under penalty of perjury that this information is true.


Date: _____            _____
                                                         *Server's signature*

                                                   _____
                                                         *Printed name and title*

                                                   _____
                                                         *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | |
|---|---|
| Janet Batchelor, individually and on behalf of her son, Ryan Batchelor, a minor | ) ) ) |
| *Plaintiff* | ) |
| v. | ) ) |
| Rose Tree Media School District, et al. | ) ) ) |
| *Defendant* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Linda Bluebello, Director of Pupil Services of Rose Tree Media School District

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Frank Schwartz, Esquire, LAMM RUBENSTONE LLC, 3600 Horizon Blvd., Suite 150, Trevose, PA 19053

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*Michael E. Kunz*
*Clerk of Court*

Date:   _____10/27/2011_____

_____/s/_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | | |
|---|---|---|
| Janet Batchelor, individually and on behalf of her son, Ryan Batchelor, a minor | ) | |
| _Plaintiff_ | ) ) | |
| v. | ) | Civil Action No. |
| Rose Tree Media School District, et al. | ) ) ) | |
| _Defendant_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  Eric Bucci, Assistant Principal of Penncrest High School

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Frank Schwartz, Esquire, LAMM RUBENSTONE LLC, 3600 Horizon Blvd., Suite 150, Trevose, PA 19053

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_Michael E. Kunz_
_Clerk of Court_

Date:  _____10/27/2011_____                    _____/s/_____
                                                                    _Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                     *Server's signature*

                                                  _____
                                                     *Printed name and title*

                                                  _____
                                                     *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | |
|---|---|
| Janet Batchelor, individually and on behalf of her son, Ryan Batchelor, a minor<br>*Plaintiff*<br><br>v.<br><br>Rose Tree Media School District, et al.<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Norman Harrison, Assistant Principal of Penncrest High School

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Frank Schwartz, Esquire, LAMM RUBENSTONE LLC, 3600 Horizon Blvd., Suite 150, Trevose, PA 19053

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*Michael E. Kunz*
*Clerk of Court*

Date:      10/27/2011                                                       /S/
                                                                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑  I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑  I returned the summons unexecuted because _____ ; or

❑  Other *(specify):*


.

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____            _____
                                                                 *Server's signature*

                                                         _____
                                                                 *Printed name and title*


                                                         _____
                                                                 *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | | |
|---|---|---|
| Janet Batchelor, individually and on behalf of her son, Ryan Batchelor, a minor | ) | |
| *Plaintiff* | ) ) | |
| v. | ) | Civil Action No. |
| Rose Tree Media School District, et al. | ) ) | |
| *Defendant* | ) ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Richard Gregg, Principal of Penncrest High School

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Frank Schwartz, Esquire, LAMM RUBENSTONE LLC, 3600 Horizon Blvd., Suite 150, Trevose, PA 19053

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*Michael E. Kunz*
*Clerk of Court*

Date:      10/27/2011                                            /s/
                                                                            *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | |
|---|---|
| Janet Batchelor, individually and on behalf of her son, Ryan Batchelor, a minor | ) ) ) |
| *Plaintiff* | ) |
| v. | )      Civil Action No. |
| Rose Tree Media School District, et al. | ) ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Karen Walker


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Frank Schwartz, Esquire, LAMM RUBENSTONE LLC, 3600 Horizon Blvd., Suite 150, Trevose, PA 19053


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


*Michael E. Kunz*
*Clerk of Court*


Date: _____10/27/2011_____          _____/s/_____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | | |
|---|---|---|
| Janet Batchelor, individually and on behalf of her son, Ryan Batchelor, a minor | ) ) ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| Rose Tree Media School District, et al. | ) ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Patricia Barta


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Frank Schwartz, Esquire, LAMM RUBENSTONE LLC, 3600 Horizon Blvd., Suite 150, Trevose, PA 19053


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*Michael E. Kunz*
*Clerk of Court*


Date:      10/27/2011                                      /S/
                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

□ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

□ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

□ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

□ I returned the summons unexecuted because _____ ; or

□ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: