IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANET BATCHELOR, individually and on behalf of her son, RYAN BATCHELOR, a minor : | |
|                 Plaintiffs, : | CIVIL ACTION |
|       v. | NO.: 11-6733 |
| : | |
| ROSE TREE MEDIA SCHOOL DISTRICT, et al. | |
|                 Defendants. : | |

**MEMORANDUM**

Jones, II  J.                                                                                                          March 28, 2013

### I.   Introduction

Plaintiff Janet Batchelor, individually and on behalf of her son, Ryan Batchelor (collectively, "Plaintiffs"), brings the within action against the Rose Tree Media School District ("District"), and six individual school district employees (collectively, "Defendants").[1] Plaintiff Ryan Batchelor is an individual with disabilities under the Individuals with Disabilities Education Act, 42 U.S.C. § 1400, *et seq.*, ("IDEA"), Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a) ("Section 504"), and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA").  Plaintiffs filed a Second Amended Complaint on March 5, 2012, in which they asserted three federal claims: Retaliation/Failure to Provide a Free Appropriate Public Education

---

[1] Plaintiffs' Second Amended Complaint originally included the Board of School Directors of Rose Tree Media School District ("Board") as a Defendant.  (Pls.' Second Am. Compl. 4-5).  However, Plaintiffs voluntarily withdrew the Board as a Defendant in response to the Motion to Dismiss now before the court.  (Pls.' Opp'n Mot. Dismiss 2).

1

("FAPE") in Violation of the IDEA (Count II), Retaliation in Violation of Section 504 (Count III), and Retaliation in Violation of the ADA (Count IV).  Additionally, Plaintiffs bring state law claims of Breach of a Settlement Agreement (Count I), Common Law Civil Conspiracy (Count V), and Negligent Infliction of Emotional Distress ("NIED") (Count VI).  Defendants filed a Motion to Dismiss Plaintiffs' Second Amended Complaint and this Court referred the matter to Magistrate Judge Lynne A. Sitarski for a Report and Recommendation.[2,3]  Judge Sitarski issued a report recommending that this Court grant Defendants' Motion to Dismiss because Plaintiffs failed to exhaust administrative remedies before filing this action.  Plaintiffs have filed four objections to Judge Sitarski's Report and Recommendation, which are now ripe for consideration by this Court.[4]

For the reasons that follow, Plaintiffs' Objections shall be overruled.

## II.    Background

In December 2008, Ryan Batchelor (hereinafter, "Ryan") was diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD"), a disability covered under the IDEA, Section 504, and the ADA.[5]  (Pls.' Second Am. Compl. ¶ 20). The District developed a written 504 Plan for

---

[2]  In their Opposition to Defendants' Motion to Dismiss, Plaintiffs voluntarily withdrew all claims of discrimination against all Defendants, and Count VI (Negligent Infliction of Emotional Distress) against the District and the Board.  (Pls.' Opp'n Mot. Dismiss 2).

[3]  Although this Court does not ordinarily refer dispositive motions for Reports and Recommendations, Judge Sitarski held a hearing on Plaintiff's Motion for Preliminary Injunction and had extensive familiarity with the facts and issues involved herein.  Accordingly, it was determined that her familiarity would be beneficial with regard to assessment of the instant Motion.

[4]  Fed. R. Civ. P. 72(b) and E.D. Pa. Loc. R. Civ. P. 72.1 IV(b) permit a party to file objections to the magistrate's findings.  In this case, Plaintiffs filed their Objections on October 22, 2012 and Defendants responded to same on November 9, 2012.

[5]  Although Plaintiffs' Second Amended Complaint indicates that Ryan's ADHD diagnosis occurred in December 2009 and Judge Sitarski's Report and Recommendation cites to a diagnosis date of January 2009, this Court has determined that the correct date is December 2008.

2

Ryan in January of 2009 – his freshman year at Penncrest High School in the Rose Tree Media School District. (*Id.* ¶ 21). The Plan provided Ryan support services, counseling, and tutoring for his freshman year. (*Id.* ¶22). However, Plaintiffs allege that throughout Ryan's sophomore year, his grades fell because he received inadequate support services. (*Id.* ¶¶ 22-24).

On March 15, 2010, Janet Batchelor met with Vice Principal Harrison to discuss Ryan's struggles. (*Id.* ¶ 28). Plaintiffs allege that at this meeting, Mr. Harrison interrupted Ms. Batchelor, stated she and Ryan were lying, asked very personal questions, and challenged Ms. Batchelor's parenting abilities. (*Id.* ¶ 9). In response, Ms. Batchelor and Ryan met with an attorney on March 16, 2010. (*Id.* ¶ 31). After the meeting, Ms. Batchelor dropped Ryan at school with a signed late notice. That afternoon, Dr. Linda Bluebello, the District's Director of Pupil Services, contacted Ms. Batchelor to discuss support services and request that she not involve an attorney. Ms. Batchelor informed Dr. Bluebello of Mr. Harrison's prior conduct. In alleged retaliation, on March 18, 2010, Mr. Harrison gave Ryan detention for being late three days earlier. (*Id.* ¶¶ 31-35).

On April 16, 2010, Ms. Batchelor and her attorney met with District representatives to discuss the alleged failure to implement Ryan's 504 Plan. (*Id.* ¶ 36). As a result of this meeting, Ryan was assigned to the resource room of Ms. Karen Walker (Special Education teacher), apportioned further tutoring, and provided a schedule to undergo further evaluation of his disability. (*Id.* ¶ 37). An Individualized Education Plan ("IEP") was developed on May 25, 2010, which Plaintiffs allege would have addressed Ryan's disabilities, had it been adhered to. Additionally, in response to Ms. Batchelor's continued implementation complaints, the District entered into a Settlement Agreement, effective September 24, 2010, which provided Ryan with compensatory education services. (*Id.* ¶¶ 39-40).

Plaintiffs allege Defendants did not implement the Settlement Agreement during Ryan's junior year but rather, engaged in retaliatory acts. (*Id.* ¶¶ 42-50). For instance, the prior Settlement Agreement provided that Ryan would work with math teacher Mr. Gray. However, after two sessions, the District changed his teacher to Mr. Enterline without notification. Plaintiffs allege Mr. Enterline was sarcastic, impatient, and mean, causing Ryan to "feel badly about himself." (*Id.* ¶ 43). Plaintiffs further allege that since September 2010, Ryan had not received his IEP support services. However, Ryan had not told his mother for fear of retaliation. In December of 2010, Ryan wrote an essay that discussed bullying by a teacher later identified as Mr. Doyle. (*Id.* ¶¶ 46-47). In alleged retaliation, Ryan was assigned to Mr. Doyle's class a month later where, on the first day, Mr. Doyle disciplined Ryan for not having books. (*Id.* ¶¶ 48, 57). As a result, Ryan never went back to Ms. Walker's resource room, received few support services, and experienced failing grades.

Ms. Batchelor contacted Dr. Bluebello in January of 2011 to request private tutoring and an accounting of the compensatory education fund for Ryan's allegedly ineffective IEP. (*Id.* ¶¶ 52-54). At an IEP meeting on January 25, 2011, Ms. Batchelor complained Ryan was not receiving his IEP support services. (*Id.* ¶ 55). Defendants allegedly blamed Ryan and Ms. Batchelor for his issues at this meeting. (*Id.*) From January through April of 2011, Dr. Bluebello refused to reimburse Ms. Batchelor for private tutoring. In response, Ms. Batchelor filed a breach of contract action, which resulted in the District reimbursing her for a portion of the tutoring costs.

Nevertheless, the District continued to not reimburse Ms. Batchelor for the remainder of the tutoring services. Plaintiffs allege that collectively, the District's actions have resulted in a severe detriment to Ryan's educational achievement and health. Plaintiffs further claim the

4

alleged actions of retaliation and bullying forced Ryan to enroll in Twenty First Century Cyber Charter School for his senior year.  (*Id.* ¶ 66).  Although Ryan remains a District resident, he alleges that he is denied participation in Penncrest's choir and dance teams, and that this denial constitutes retaliation by the Defendants.  (*Id.* ¶ 67).

### III.     Standard of Review

#### a.      De Novo Standard

A district court judge may designate dispositive motions for a magistrate's consideration pursuant to 28 U.S.C. § (b)(1)(B) (2012).  "A judge of the court may accept, reject, or modify, in whole or in part, the [magistrate's] findings or recommendations . . . ."  *Id.* § (b)(1)(C).  A court may, "in the exercise of sound judicial discretion . . . ," rely on the findings of a magistrate when making a de novo determination.  *United States v. Raddatz*, 447 U.S. 667, 676 (1980).  Under 28 U.S.C. § (b)(1)(C), a court is not required to review de novo portions of a magistrate's recommendation to which a party has not objected.  *See Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007) (citing *Henderson v. Carlson*, 812 F.3d 874, 878-89 (3d Cir. 1987)); *cf. Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  However, the Third Circuit has cautioned that sound practice entails some level of review to dispositive issues, even absent objection.  *Jones v. Witinski*, 931 F. Supp. 364, 365 (M.D. Pa. 1996) ("[T]he better practice is . . . to afford 'some level of review to the dispositive legal issues raised by the report.'") (quoting *Henderson*, 812 F.2d at 878).

#### b.      Motion to Dismiss Standard

Defendants move to dismiss Plaintiffs' Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  (Defs.' Mot. Dismiss 14).  However, for the reasons which follow, Defendants' 12(b)(6) challenges are rendered moot.

Under Fed. R. Civ. P. 12(b)(1), "a court may dismiss a complaint for 'lack of jurisdiction over the subject matter . . . .'" *Gordon v. East Goshen Twp.*, 592 F. Supp. 2d 828, 836 (E.D. Pa. 2009) (quoting Fed. R. Civ. P. 12(b)(1)).  A court's scope of review is shaped by whether the motion is a facial or factual attack.  *See CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) (citing *U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007)); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  A facial attack "concerns 'an alleged pleading deficiency' whereas a factual attack concerns 'the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites.'"  *CNA*, 535 F.3d at 139 (internal brackets omitted).  In this case, the parties are in agreement that the Defendants' jurisdictional challenge to Counts II, III and IV of Plaintiffs' Second Amended Complaint should be treated as a facial attack, as Defendants contest whether Plaintiffs' pleadings are sufficient to invoke this Court's jurisdictional prerequisites under the *IDEA*.  (Defs.' Mot. Dismiss 14 & n.5); *see CNA*, 535 F.3d at 139; *W.B. v. Matula*, 67 F.3d 484, 493 (3d Cir. 1995)*, abrogated on other grounds by A.W. v. Jersey City Pub. Sch.*, 486 F.3d 791, 799 (3d Cir. 2007) (challenges to exhaustion under the IDEA are jurisdictional in nature).

Consistent with a facial attack, review is limited to the "documents referenced within the complaint and attached thereto [and the court] must view them in the light most favorable to the nonmoving party."  *Gordon*, 592 F. Supp. 2d at 836 (citing *Gould*, 220 F.3d at 176 & n.6).  Although the facts are construed in Plaintiffs' favor, this Court need not accept bald assertions or legal conclusions as true.  *R.B. ex rel. Parent v. Mastery Charter Sch.*, 762 F. Supp. 2d 745, 753 (E.D. Pa. 2010) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

### IV. Discussion

#### a. Plaintiffs' First Objection: The Magistrate Erred in Failing to Apply The Proper Standard to Defendant's Facial Attack Upon This Court's Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(1).

Preliminarily, this Court notes that it may decline de novo review if a party's objections to a Report and Recommendation merely reiterate issues already presented to the magistrate. *See Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984); *Palmer v. Astrue*, 09-CV-820, 2010 U.S. Dist. LEXIS 31530, at *4-5 (E.D. Pa. Mar. 21, 2010), *aff'd*, 410 F. App'x 490 (3d Cir. Feb. 8, 2011). As our local rules dictate, a party's objections shall "specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections." E.D. Pa. Loc. R. Civ. P. 72.1 IV(b); *see also Plummer v. Apfel*, 995 F. Supp. 549, 552 n.4 (E.D. Pa. 1998) (general assertions "do not comply with Federal Rule of Civil Procedure 72(b) and need not be addressed . . . .") (internal brackets omitted). A party's objections to legal conclusions "should explain why the [law] the magistrate relies on" does not control, "cite to the law it believes to control," and "describe why - when applied to the facts of its case - this law dictates a different outcome." *Cabrera-Diaz v. Penn Kidder Campus Jim Thorpe Area Sch. Dist.*, 08-CV-2192, 2011 U.S. Dist. LEXIS 13466, at *6-8 (M.D. Pa. Feb. 11, 2011).

Plaintiffs' first objection does not warrant de novo review because Plaintiffs assert error but offer no authoritative support. *See Cabrera-Diaz*, 2011 U.S. Dist. LEXIS 13466, at *6-8. Plaintiffs contend that Judge Sitarski's recommendation of equitable relief, which Plaintiffs did not request, is beyond the scope of their Complaint and thus a misapplication of Rule 12(b)(1). (Pls.' Objs. R&R 2-3). Plaintiffs' sole citation to authority supports that Judge Sitarski recognized the correct standard of review – a 12(b)(1) facial attack. (*Id.*). Thus, Plaintiffs' objection fails to "explain with the requisite level of specificity" how Judge Sitarski erred, and therefore amounts to an unfounded assertion. *See Cabrera-Diaz*, 2011 U.S. Dist. LEXIS 13466,

at *7.  However, for the sake of thoroughness, this Court will address all objections raised by Plaintiffs.

As just referenced above, Plaintiffs contend that because Fed. R. Civ. P. 12(b)(1) restricts a court's review to the complaint, and since Plaintiffs requested only monetary damages, Judge Sitarski erred in considering compensatory education as a remedy.  (Pls.' Objs. R&R 2-4).  Judge Sitarski premised the availability of compensatory education on "the unsettled circumstances of Plaintiffs' schooling and implementation of both a 504 Plan and a FAPE."  (R&R 11).  Upon review, I find that Judge Sitarski correctly applied Rule 12(b)(1) when recommending the equitable relief of compensatory education.

Although a Rule 12(b)(1) motion restricts a court's review to the documents before it,[6] substantive issues raised within a court's jurisdictional review may require a consideration of relief beyond what a plaintiff requests.  *See, e.g.*, *Lindsley v. Girard Sch. Dist.*, 213 F. Supp. 2d 523, 527, 532-36 (W.D. Pa. 2002) (finding equitable relief available to a plaintiff, on a motion to dismiss, although the plaintiff sought only monetary damages).  This is especially true in cases such as the one at bar, where Plaintiffs claims they are excused from exhausting the IDEA administrative process, which will dictate whether a court has jurisdiction.  *See generally id.* at 536-38 (considering whether the IDEA administrative process could provide a plaintiff relief to determine federal jurisdiction where the plaintiff sought only monetary damages and alleged exhaustion was futile); *see also Brandon V. v. Chichester Sch. Dist.*, 06-CV-4687, 2007 U.S. Dist. LEXIS 53852, at *11-17 (E.D. Pa. July 25, 2007) (same).  When analyzing whether a plaintiff is excused from exhausting its claims, courts will often consider whether the administrative process can provide a plaintiff relief.  *See Swope v. Central York Sch. Dist.*, 796 F.

---

[6] *Gould*, 220 F.3d at 176.

Supp. 2d 592, 600-01 (M.D. Pa. 2011). This is so because the availability of certain relief under the administrative process, including that of compensatory education, may divest a federal court of jurisdiction. *See Patrick B. v. Paradise Protectory & Ag. Sch.*, 858 F. Supp. 2d 427, 431 (M.D. Pa. 2011); *see also Swope*, 796 F. Supp. 2d at 600-01. Therefore, when a plaintiff is asserting it is excused from exhaustion and the court is analyzing whether it has jurisdiction under the IDEA based upon the pleadings, the court may consider whether compensatory education is available to a plaintiff - even absent a request for such relief.

Plaintiffs admit they have not exhausted the administrative process but assert they meet the futility exception. (Pls.' Opp'n Defs.' Mot. Dismiss 8). Accordingly, Judge Sitarski reviewed the pleadings to determine whether the administrative process could provide Plaintiffs with relief and thus divest this Court of jurisdiction. (R&R 11-12). In doing so, Judge Sitarski found that the facts alleged in Plaintiffs' Second Amended Complaint were capable of warranting the remedy of compensatory education. (R&R 11-12). Thus, Judge Sitarski grounded her recommendation of compensatory education based upon facts alleged in the Complaint and consistent with a 12(b)(1) review regarding whether Plaintiffs met this Court's jurisdictional prerequisites. This Court finds that Judge Sitarski's recommendation regarding a remedy which arose from a jurisdictional review of Plaintiffs' Second Amended Complaint, was correct. Accordingly, Plaintiffs' first objection shall be overruled.

> **b.    Plaintiffs' Second Objection: The Magistrate Erred in Finding That Compensatory Education Was a Valid Remedy to be Obtained Through Administrative Procedures.**

In their second objection, Plaintiffs assert that "given the facts of this case," Judge Sitarski erred in finding that compensatory education was a possible remedy via administrative procedures. (Pls.' Objs. R&R 3-4). In support of this objection, Plaintiffs argue that because the District did not provide compensatory education via a settlement agreement, there is "no reason

9

to believe that any form of effective compensatory education" is available. (*Id.* at 4). Judge Sitarski premised the availability of compensatory education on "the unsettled circumstances of Plaintiffs' schooling," IEP implementation, and the continued harm Ryan endures "to his level of educational achievement." (R&R 11-12). Upon review, I find that Judge Sitarski appropriately concluded that compensatory education was a plausible remedy to be had through the administrative process.

Under the IDEA, a court has broad discretion to grant an aggrieved litigant "such relief as the court determines is appropriate." *Ferren C. v. Sch. Dist. of Philadelphia*, 612 F.3d 712, 717 (3d Cir. 2009) (quoting 20 U.S.C. § 1415(i)(2)(C)(iii)); *see also Heather D. v. Northampton Area Sch. Dist.*, 511 F. Supp. 2d 549, 555 (E.D. Pa. 2007). Appropriate relief, though undefined, is interpreted as equitable and primarily includes compensatory education. *Ferren C.*, 612 F.3d at 717-18. Compensatory education "is designed to provide eligible students with the services they should have received pursuant to a FAPE." *Heather D.*, 511 F. Supp. 2d at 555 (citing *Lester H. v. Gilhool*, 916 F.2d 865, 873 (3d Cir. 1990)). Compensatory education is appropriate where a school "knows or should know that a child has an inappropriate [IEP] or is not receiving more than a de minimis educational benefit . . . ." *See D.F. v. Collingswood Borough Bd. of Educ.*, 694 F.3d 488, 499 (3d Cir. 2012). Compensatory education can take many forms, as "nothing in the text or history suggest that relief under [the] IDEA is limited in any way . . . ." *W.B. v. Matula*, 67 F.3d 484, 494-95 (3d Cir. 1995), *abrogated on other grounds by A.W. v. Jersey City Pub. Sch.*, 486 F.3d 791 (3d Cir. 2007). Such forms include private tutoring and summer school. *D.F.*, 694 F.3d at 499. Moreover, this relief is available to students who have graduated high school and students beyond the age of twenty-one (21). *See Ferren C.*, 612 F.3d at 718-20.

Hearing officers may award compensatory education in administrative hearings. *Heather D.*, 511 F. Supp. 2d at 552.

As Judge Sitarski has indicated, Plaintiffs' Second Amended Complaint illustrates circumstances pertaining to Ryan's schooling which are capable of being addressed by compensatory education. (R&R 12). Although Plaintiffs characterize their claims as a failure to implement and retaliation, they repeatedly cite to the District's denial of Ryan's FAPE as the foundation of harm - a type of harm which compensatory education addresses. (*See* Pls.' Second Am. Compl. ¶¶ 66, 81, 92, 101); *see also Heather D.*, 511 F. Supp. 2d at 555 (describing how compensatory education compensates a student for the deprivation of a FAPE). Plaintiffs assert that the District provided "ineffective" tutoring, leading Plaintiffs to request private tutoring. (*See* Pls.' Second Am. Compl. ¶¶ 52-55). Equitable relief, including compensatory education, is capable of addressing this issue, as well as other issues Plaintiffs raise, such as tuition reimbursement and Ryan's exclusion from extracurricular activities. (*See* Pls.' Second Am. Compl. ¶¶ 58, 65-67); *D.F.*, 694 F.3d at 499 (describing how appropriate IDEA remedies are determined on a case-by-case basis and finding compensatory education appropriate to address a school's denial of a FAPE although the student later moved out of state); *see also B.H. v. Portage Pub. Sch. Bd. of Educ.*, 08-CV-293, 2009 U.S. Dist. LEXIS 7604, at *31-32 (W.D. Mich. Feb. 2, 2009) (finding plaintiffs' claims, including retaliation for plaintiffs' exclusion from extracurricular activities, were educational in nature). Finally, attorney fees, which Plaintiffs also seek, are available through the administrative process. *Swope*, 796 F. Supp. 2d at 601. Therefore, given the facts alleged, Judge Sitarski did not err in finding that compensatory education, among other equitable relief, is available to Plaintiffs via the administrative process.

To the extent Plaintiffs argue that the District's previous noncompliance with prior settlement agreements renders compensatory education inappropriate, this argument is unpersuasive.  In the IDEA context, courts generally find that prior inadequate relations between parties do not foreclose or make futile similar relief in the future.  *See Falzett v. Pocono Mt. Sch. Dist.*, 150 F. Supp. 2d 699, 703 (M.D. Pa. 2001)( (finding that prior "animosity between the parties" did not render "the plaintiff's administrative remedies futile."); *see also M.M. v. Tredyffrin / Easttown Sch. Dist.*, 06-CV-1966, 2006 U.S. Dist. LEXIS 62918, at *20 (E.D. Pa. Sept. 5, 2006) (rejecting plaintiffs' assertion that because plaintiffs' past interactions with school administrators resulted in "one empty promise after another," seeking relief through the IDEA administrative process would be futile).  This is true even where prior settlement agreements are at issue.  *See J.H.& S.N. ex rel. J.H. v. Egg Harbor Twp. Bd. of Educ.*, 08-CV-488, 2009 U.S. Dist. LEXIS 40096, at *11-13 (D.N.J. May 11, 2009) (declining to excuse plaintiffs from exhaustion despite two prior failed settlement agreements procured outside of the administrative process where educational harm remained a central issue).  Therefore, contrary to Plaintiffs' assertion, "the facts of this case" do suggest that compensatory education is still appropriate. (Pls.' Objs. R&R 5); *see Falzett*, 150 F. Supp. 2d at 703.   Accordingly, Plaintiff's second objection shall be overruled.

### c. Plaintiffs' Third Objection: The Magistrate Erred in Finding That The Availability of Relief Within The Administrative Process Required Them to Exhaust Their Claims.

Plaintiffs' next object to Judge Sitarski's finding that the availability of relief within the administrative process requires them to exhaust their claims.  This objection is premised on Plaintiffs' assertions that because they seek compensatory damages which the administrative process cannot provide, and because they challenge the implementation (not substance) of

Plaintiff's IEP and meet the futility exception, they are excused from exhausting their claims.[7] (Pls.' Objs. R&R 4,7). As previously noted, Judge Sitarski found that the "unsettled circumstances" behind Ryan's schooling indicate that the administrative process is capable of provide Plaintiffs relief and as such, they are required to exhaust their claims. (R&R 11). Upon thorough review of the pleadings and relevant authorities, this Court concurs that Plaintiffs are required to exhaust their claims not only because relief is available through the administrative process, but also because Plaintiffs' alleged harms are educational in nature and exhaustion serves the IDEA's underlying policy goals.

The IDEA generally requires a plaintiff to exhaust the administrative process before a federal court may exercise jurisdiction over its claims. *See Matula*, 67 F.3d at 495 (citing 20 U.S.C. § 1415(f)). Only an "aggrieved" party may bring a civil action "in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy." 20 U.S.C. § 1415(i)(2)(A). Plaintiffs here do not assert they have invoked Pennsylvania's administrative process and thus do not come before this Court as an "aggrieved" party.

The exhaustion requirement applies equally to claims brought under the ADA and Section 504. *See Swope*, 796 F. Supp. 2d at 599 (citing 20 U.S.C. § 1415(l)). However, the Third Circuit has recognized several exceptions to this requirement. *See Komninos v. Upper*

---

[7] Although Plaintiffs' Second Amended Complaint requests compensatory damages, statutory damages, reasonable attorney's fees, and "*such other further relief as this Court deems appropriate*," their Opposition Memorandum states that their Second Amended Complaint "seeks compensatory and punitive damages *only*." (Pls.' Second Am. Compl. "Wherefore" clauses at ¶¶ 72, 82, 92, 101, 108, 114; Pls.' Opp'n Defs.' Mot. Dismiss 5 at §(B)(2)) (emphasis added). However, "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.,* 836 F.2d 173, 181 (3d Cir. Pa. 1988) (citing *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir. 1984)).

*Saddle River Bd. of Educ.*, 13 F.3d 775, 778 (3d Cir. 1994); *James S. v. Sch. Dist. of Philadelphia*, 559 F. Supp. 2d 600, 616 (E.D. Pa. 2008). In particular, exhaustion has been excused "where: (1) it 'would be futile or inadequate'; (2) the 'issue presented is purely a legal question'; (3) 'the administrative agency cannot grant relief . . . .'; or (4) 'exhaustion would work severe or irreparable harm upon a litigant.'" *James S.*, 559 F. Supp. 2d at 616 (citing *Komninos*, 13 F.3d at 778). Plaintiffs have the burden of showing why they are excused from the IDEA exhaustion requirements. *R.B. ex rel. Parent*, 762 F. Supp. 2d at 754.

In this case, Plaintiffs assert it would be futile to exhaust their claims through the administrative process because they seek only monetary damages and challenge only the implementation of Plaintiff's IEP. (Pls.' Objs. R&R 5). In *Matula*, the Third Circuit provided two rationales for excusing exhaustion for plaintiffs who sought only monetary damages. *Matula*, 67 F.3d at 495-96. First, the Court discussed that the IDEA only requires exhaustion where the administrative process is *capable* of providing the plaintiff relief. *Id.* at 495 (exhaustion is required where plaintiff seeks "relief *that is also available under this subchapter . . .*") (citing 20 U.S.C. § 1415(f)) (emphasis in original). The administrative process could not provide the *Matula* plaintiffs relief because they had already settled their IDEA claims after several administrative hearings and the sole issue remaining was that of damages. *Id.* at 495-96. Second, the Court found that the principles underlying the IDEA's exhaustion requirement – establishing a factual record and resolving evidentiary issues – were satisfied. *Id.* Again, the *Matula* plaintiffs had already invoked several administrative procedures which established a record for the court's review and had resolved any evidentiary disputes except for damages. *Id.*

This Court is persuaded by those decisions which have interpreted *Matula*'s rationales narrowly - regardless of relief sought - where the plaintiff avoided the administrative process

entirely and there was no prior opportunity to establish a factual record or resolve evidentiary issues. *See, e.g.*, *Lindsley*, 213 F. Supp. 2d at 534-38 (requiring exhaustion although plaintiff sought only monetary damages where no administrative hearings had taken place, no factual record had been established, and IDEA eligibility was unresolved); *Blanck v. Exeter Sch. Dist.*, 01-CV-1402, 2002 U.S. Dist. LEXIS 19101, at *6-8 (E.D. Pa. Oct. 2, 2002) (requiring exhaustion for a plaintiff who sought only monetary damages so the administrative body could resolve whether the child was disabled and "so that a full factual record [could] be developed"); *Brandon V.*, 2007 U.S. Dist. LEXIS 53852, at *16-17 (requiring exhaustion for plaintiffs who challenged an IEP's implementation and sought only monetary damages where no administrative hearings had taken place).

Moreover, exhaustion has not been excused where the administrative process may provide some form of relief. *Lindsley*, 213 F. Supp. 2d at 534-38; *Brandon V.*, 2007 U.S. Dist. LEXIS 53852, at *16-17. These courts have held that exhaustion is appropriate where a plaintiff's claims have both "an educational source and educational consequences." *Id.*; *Patrick B.*, 858 F. Supp. 2d at 432; *Brandon V.*, 2007 U.S. Dist. LEXIS 53852, at *16-17. In such cases, courts find exhaustion is consistent with the IDEA's administrative scheme, allowing educational professionals to resolve educational shortfalls and to provide a valuable record on appeal. *Patrick B.*, 858 F. Supp. 2d at 431-32.

What these decisions have in common, and what Plaintiffs herein do not contest, is that the IDEA's underlying policy of exhaustion is strong. *Komninos*, 13 F.3d at 778. The IDEA requires exhaustion for an agency to have the opportunity to "develop a factual record, to apply its expertise to the problem, to exercise its discretion, and to correct its own mistakes . . . ." *Falzett*, 150 F. Supp. 2d at 702. These requirements are not avoided simply by casting

educational issues under the pretense of other violations. *See Douglass v. Dist. of Columbia*, 605 F. Supp. 2d 156, 165 (D.D.C. 2009) (citing *Polera v. Bd. of Ed.*, 288 F.3d 478, 488 (2d Cir. 2002)); *see also Patrick B.*, 858 F. Supp. 2d at 431-32 (exhaustion applies equally to claims brought under Section 504 and the ADA which seek relief also available under the IDEA) (citing *R.R.*, 412 F. App'x at 550 n.12). Nor may a plaintiff avoid exhaustion on a belief that the administrative process is incapable of providing relief. *See M.M.*, 2006 U.S. Dist. LEXIS 62918, at *20; *Egg Harbor*, 2009 U.S. Dist. LEXIS 40096, at *12-13. Rather, the IDEA provides a comprehensive remedial framework to address issues where "[b]oth the genesis and manifestations of the harm are educational." *Charlie F. v. Bd. of Educ. of Skokie Sch. Dist.*, 98 F.3d 989, 993 (7th Cir. 1996). Applying these rationales to the facts alleged in Plaintiffs' Second Amended Complaint, this Court finds that Plaintiffs were required to exhaust their claims.

As Judge Sitarski correctly noted, courts must navigate a fine discretionary line between excusing a plaintiff from the IDEA's exhaustion requirements and deciding whether the administrative process may provide claimants relief. (R&R 11). Inasmuch as the administrative process is capable of providing relief for Plaintiffs and Plaintiffs' alleged harms have an educational source fittingly addressed through the IDEA's administrative scheme, Plaintiffs must exhaust their claims. In particular, exhaustion is appropriate because the administrative process would provide relief to address Plaintiffs' issues that involve tuition reimbursement, inadequate tutoring, compensatory education, and extracurricular activities. (Pls.' Second Am. Compl. ¶¶58, 65-67); *see Ferren C.*, 612 F.3d at 717-18 (describing compensatory education and tuition reimbursement as types of equitable relief available under the IDEA); *see also B.H.*, 2009 U.S. Dist. LEXIS 7604, at *4, 31-32 (finding that a plaintiff's alleged harm for being excluded from extracurricular activities was educational in nature and thus "within the heartland of the

IDEA"). Where educational issues are the source of the harm involved, these issues are best addressed within the administrative process and the purview of educational expertise. *Brandon V.*, 2007 U.S. Dist. LEXIS 53852, at *18. Although Plaintiffs assert the administrative process cannot provide relief based on the District's prior noncompliance, exhaustion may not be circumvented based on a parties' belief that prior inadequate agreements will necessarily lead to further inadequacy. *Falzett*, 150 F. Supp. 2d at 703; *Egg Harbor*, 2009 U.S. Dist. LEXIS 40096, at *12-13.

Although Plaintiffs now claim they seek only monetary damages,[8] it would be imprudent for this Court to excuse exhaustion on this basis alone when other appropriate relief exists. *See Douglass*, 605 F. Supp. 2d at 165-67; *B.H.*, 2009 U.S. Dist. LEXIS 7604, at *31-32. Plaintiffs' Second Amended Complaint alleges harm as to the adequacy of services the District provided. (Pls.' Second Am. Compl. ¶¶ 55, 70). Where this harm is educational in nature, monetary damages would only serve as an empty award. *Ferren C.*, 612 F.3d at 719-20. Characterizing the harm in terms of failed implementation and retaliation is unpersuasive, for where the harm is educational in nature, Plaintiffs are equally required to exhaust such claims. *Douglass*, 605 F. Supp. 2d at 165-66; *R.R.*, 412 F. App'x at 550 n.12; *see also Levine v. Greece Cent. Sch. Dist.*, 353 F. App'x 461, 465 (2d Cir. Nov. 12, 2009) (finding exhaustion not futile where plaintiff challenged defendants' IEP implementation because plaintiff's complaint raised allegations "far broader" than a failure to implement"). Moreover, even construing the facts in Plaintiffs' favor, this Court is not bound to accept Plaintiffs' legal conclusion that said facts equate to retaliation. *R.B. ex rel. Parent*, 762 F. Supp. 2d at 753. Finally, as Plaintiffs have not even attempted to

---

[8] *See supra* note 7.

invoke the administrative process and are not excused from doing so, exhaustion is consistent with the IDEA's underlying policies.[9]

Accordingly, Plaintiffs' third objection shall be overruled.

### d. Plaintiffs' Fourth Objection: The Magistrate's Dismissal of Plaintiffs' State Law Claims is Erroneous.

In their final objection, Plaintiffs challenge Judge Sitarski's recommendation of dismissal of their remaining claims for a lack of supplemental jurisdiction. (Pls.' Objs. R&R 10). Pursuant to 28 U.S.C. § 1367(c), a federal court may decline to exercise supplemental jurisdiction where only a claimant's state law claims remain. *See* 28 U.S.C. § 1367(c); *Hedges v. Musco*, 204 F.3d 109, 122-23 (3d Cir. 2000). Ordinarily, the court should "refrain from exercising supplemental jurisdiction in the absence of extraordinary circumstances." *Angeloni v. Diocese of Scranton*, 135 F. App'x 510, 515 (3d Cir. Mar. 17, 2005) (quoting *Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187, 196 (3d Cir. 1976) (internal brackets omitted)). "[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense,

---

[9] Plaintiffs' reliance on cases that have applied the futility exception is misplaced, as these cases are materially distinguishable from the one at bar. (Pls.' Objs. R&R 7-8). For instance, Plaintiffs rely on *Vicky M.*, a Middle District case excusing exhaustion where the plaintiff, an autistic child, challenged IEP restraint techniques implemented in a physically abusive manner. *Vicky M. v. Northeastern Educ Intermediate Unit 19*, 486 F. Supp. 2d 437 (M.D. Pa. 2007). Outside of seeking damages for the physical abuse, however, the plaintiffs presented no other educational issues for resolution. *Id.* Conversely, Plaintiffs' allegations here question the adequacy of tutoring the District implemented, an educational source the administrative process may resolve. (Pls.' Second Am. Compl. ¶¶ 52-55, 66); *see D.F.*, 694 F.3d at 499. Plaintiffs also rely on *Derrick F. v. Red Lion Area Sch. Dist.*, 586 F. Supp. 2d 282, 295 (M.D. Pa. 2008), a Middle District case that excused exhaustion for a plaintiff who challenged only the implementation of the student's IEP. *Id.* Unlike the case at bar, however, the plaintiffs in *Derrick F.* had already exhausted the administrative process such that it could provide the plaintiffs with "no further relief." *Id.* A review of other cases on which Plaintiffs rely, reveals similar distinguishing features. *See, e.g.*, *Joseph M. v. Sch. Dist. of Philadelphia*, 559 F. Supp. 2d 600, 619 (E.D. Pa. 2008) (excusing exhaustion where there had been "extensive administrative fact-finding"); *Adam C. v. Scranton Sch. Dist.*, 07-CV-0532, 2008 U.S. Dist. LEXIS 72903, at *6 (M.D. Pa. Sept. 23, 2008) (plaintiff invoked hearing procedures prior to challenging a settlement agreement in federal court).

the state claims should be dismissed as well." *Mierzwa v. United States*, 282 F. App'x 973, 978 n.3 (3d Cir. June 26, 2008) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).

As discussed above regarding Plaintiffs' third objection, Judge Sitarksi properly found Plaintiffs must exhaust their IDEA claim as to Count II because relief is available to Plaintiffs through the administrative process. (R&R 12). Because the same holds true with regard to the claims set forth in Counts III and IV of Plaintiffs' Second Amended Complaint, exhaustion is similarly required. *See R.R.*, 412 F. App'x at 550 & n.12 (agreeing with the district court that "20 U.S.C. § 1415(l) requires that IDEA-related claims brought under the ADA or the Rehabilitation Act [which seek relief available in the administrative process] be submitted in the first instance to administrative review"). Therefore, the availability of relief results in the dismissal of Counts II, III and IV, leaving this Court without original jurisdiction over any of Plaintiffs' remaining claims. *Mierzwa*, 282 F. App'x at 978 n.3. Thus, this Court shall not exercise supplemental jurisdiction and Judge Sitarski did not err in recommending the dismissal of Plaintiffs' state law claims for lack thereof. *Id.*

Accordingly, Plaintiffs' fourth and final objection shall be overruled.

**V.     Conclusion:**

Accepting all factual allegations as true and construing Plaintiffs' Second Amended Complaint in the light most favorable to them, this Court concludes that Plaintiffs' failure to exhaust administrative remedies divests this Court of jurisdiction.  Therefore, Plaintiffs' objections shall be overruled and Judge Sitarski's Report and Recommendation shall be adopted.

An appropriate Order follows.

BY THE COURT:

/s/  C. Darnell Jones,  II        J.